**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| COMMONWEALTH LAND TITLE INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ST. JOHNS BANK & TRUST COMPANY, )<br>)<br>Defendant. ) | No. 4:08-CV-1433 CAS |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's Motion for Entry of Scheduling Plan and plaintiff's Motion to Modify Case Management Order. Both motions will be denied. By Memorandum and Order dated September 22, 2009, the Court disqualified defendant's former counsel and ordered defendant to obtain substitute counsel. Defendant has done so. The Court also ordered that "plaintiff's counsel and defendant's new counsel shall jointly file with the Court a proposed schedule for modification of the Case Management Order." Mem. and Order of Sept. 22, 2009 at 16. Counsel have failed to comply with this order, as each side filed a separate proposed scheduling plan and an unnecessary motion.

A review of the proposed scheduling plans indicates that the parties agree on deadlines for completion of discovery, filing of <u>Daubert</u> and dispositive motions and date of trial, but disagree as to whether new deadlines should be set for the amendment of pleadings and designation of expert witnesses. The latter deadlines passed prior to the filing of plaintiff's motion to disqualify defendant's counsel. The original deadlines for the amending pleadings and designating defendant's expert witnesses were March 15, 2009 and May 15, 2009, respectively. <u>See</u> Case Management Order (Doc.

12). The deadlines were later extended by sixty days to May 15, 2009 and July 15, 2009, on a consent motion filed by plaintiff. See Order Amending Case Management Order (Doc. 16). Defendant then requested and received an extension of time to July 24, 2009 to disclose its expert witnesses. See Docket Text Order of June 23, 2009. According to plaintiff, defendant timely served its expert disclosure and designated ten individuals as expert witnesses.

On July 28, 2009, plaintiff filed its motion to disqualify defendant's counsel, and a consent motion to modify the case management order and vacate the trial setting, based on the uncertainty cast into the case schedule as a result of the motion to disqualify. The Court granted the motion and extended all non-expired deadlines by approximately sixty days, continuing the trial date to March 15, 2010. See Second Order Amending Case Management Order (Doc. 25). The Court was not asked to and did not provide new deadlines for joinder, amendment, or expert designations. While the motion to disqualify was still pending, plaintiff filed another consent motion to modify the case management order, seeking a further thirty-day extension of pending deadlines. The Court granted the motion, but in the interest of economy vacated all pending deadlines and the trial setting pending its ruling on the motion to disqualify. See Order of September 2, 2009 (Doc. 31). Twenty days later, the Court granted the motion to disqualify, ordered defendant to obtain substitute counsel, and ordered the parties to submit a joint proposed schedule for modification of the case management order. Defendant now wishes to "obtain an additional expert witness review and to amend the Counterclaim to assert additional theories of liability." Def.'s Mot. for Entry of Sched. Plan at 1.

Under these circumstances, where a scheduling order was in place and the relevant deadlines passed, the Court finds that the standard of Rule 16(b), Federal Rules of Civil Procedure, is applicable. Under Rule 16(b), the party must show good cause in order to be granted leave to amend.

Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008); Popoalii v. Correctional Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006).

The Court recognizes that somewhat unusual circumstances are present in this case as a result of the disqualification of defendant's original counsel, and that changes in counsel can contribute to a showing of good cause under Rule 16(b). Nonetheless, it concludes defendant had ample opportunity to amend its pleadings and designate experts when represented by its original counsel, particularly because those deadlines were extended by sixty days, and defendant has not shown good cause to reestablish the expired deadlines.

The Court notes that defendant's counterclaim seeks a declaratory judgment that mirrors plaintiff's claim, and asserts causes of action for breach of contract, vexatious refusal to pay and negligence. Defendant does not state what new theories of recovery it seeks to add to its counterclaim, and as a result the Court cannot determine whether those theories would impose additional discovery requirements. Defendant's request to amend its counterclaim in an unspecified way, more than six months after the deadline to do so has passed, indicates it has not been diligent in its efforts to meet the scheduling order's deadline.[1]

The deadline for designating defendant's experts expired on July 24, 2009. As stated above, defendant designated ten expert witnesses by the deadline. Defendant does not specify what additional expert it would add or explain how the ten experts it has already designated are not sufficient. Under these circumstances, the Court in the exercise of its discretion concludes that

---

[1]The Court does not refer to defendant's new counsel, who have acted promptly in seeking to amend the counterclaim, but rather to the conduct of defendant itself.

3

defendant has not established good cause to amend the case management order with respect to expired deadlines.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion for Entry of Scheduling Plan and plaintiff's Motion to Modify Case Management Order are **DENIED**. [Doc. 36, 37]

**IT IS FURTHER ORDERED** that the Court will issue a separate order establishing deadlines for the remainder of this case.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　／s／ Charles A. Shaw
　　　　　　　　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this  24th  day of November, 2009.