UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COMMONWEALTH LAND TITLE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )   No. 4:08-CV-1433 CAS ) |
| ST. JOHNS BANK & TRUST COMPANY, | ) ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This declaratory judgment action arising from an insurance dispute is before the Court on defendant/counterclaim plaintiff St. Johns Bank & Trust Company's ("St. Johns") Motion for Judgment on the Pleadings or, in the Alternative, to Abstain from Hearing the Claim for Declaratory Judgment or, in the Alternative, to Grant Judgment on the Pleadings on Plaintiff's Request for Attorneys' Fees. Plaintiff/counterclaim defendant Commonwealth Land Title Insurance Company ("Commonwealth") opposes the motion. The motion is fully briefed and ready for decision. For the following reasons, the motion will be granted with respect to Commonwealth's request for attorneys' fees and denied in all respects.

**Background**

Commonwealth is a title insurance company. It issued a mortgagee policy of title insurance (the "Policy") to St. Johns in connection with a deed of trust St. Johns obtained on three parcels of real property (the "Property") as security for a $650,000 loan St. Johns made to non-party Summit Pointe, L.C. ("Summit") in January 2005. In April 2005, Summit obtained an $8 million loan from Premier Bank and gave that bank a deed of trust lien on the one of the three parcels that comprise

the Property. In December 2006, St. Johns agreed to increase the amount of its loan to Summit to $3 million, and St. Johns and Summit modified the original deed of trust to give St. Johns a deed of trust lien on the Property as security for the modified loan. In January 2007, Commonwealth issued an endorsement to the Policy, increasing its coverage to $3 million. In March 2008, St. Johns made a claim under the Policy for damage as a result of the intervening deed of trust lien held by Premier Bank, as Summit was in default on its loan.

Commonwealth filed this action for declaratory judgment in September 2008. Although Commonwealth admits it has liability to St. Johns under the Policy, it asserts there is a dispute between the parties as to how the amount of loss is to be calculated. Commonwealth seeks declarations regarding (1) the fair market value of the Property; (2) the amount of loss under the Policy; and (3) the parties' respective rights and liabilities under the Policy.

St. Johns filed its answer and counterclaim asserting claims for breach of the title insurance contract, statutory vexatious refusal to pay, negligence, and declaratory judgment with respect to (1) the amount of the claim under the Policy that must be paid by Commonwealth; (2) the value of the Property; and (3) the parties' respective rights and liabilities under the Policy.

**Legal Standard**

"Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law, the same standard used to address a motion to dismiss for failure to state a claim under Rule 12(b)(6)." Ashley County, Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009) (internal punctuation and citations omitted). Federal Rule of Civil Procedure 12(c) requires a court to "accept as true all factual allegations set out in the complaint" and to "construe the complaint in the light most favorable to the plaintiff,

drawing all inferences in its favor." Id. (quoting Wishnatsky v. Rovner, 433 F.3d 608, 610 (8th Cir. 2006)).

**Discussion**

    A. Judgment on the Pleadings is not Appropriate on Declaratory Judgment Claim

St. Johns moves for judgment on the pleadings on the basis that Commonwealth's complaint for declaratory judgment is duplicative of the counterclaim seeking coercive relief on the title insurance policy and "no longer serves a useful purpose." Commonwealth opposes the dismissal, asserting that Missouri courts have consistently recognized that insurance companies may seek declaratory relief regarding liability on a claim.[1] Commonwealth observes that the declaratory relief St. Johns seeks in its counterclaim is virtually identical to the declaratory relief sought by Commonwealth, which St. Johns describes as serving no useful purpose. Commonwealth states that St. Johns' motion implies a defendant can "more or less automatically" obtain dismissal of a plaintiff's declaratory judgment action simply by filing a counterclaim for breach of contract, but that none of the cases St. Johns cites stands for "so radical a proposition."

Although St. Johns asserts that it is proper to dismiss a declaratory judgment action in the presence of a counterclaim seeking coercive relief, it has not cited any cases in which a court dismissed a declaratory judgment complaint based on the filing of a counterclaim seeking related coercive relief. In the cases cited by St. Johns, most of which are from the Northern District of Illinois, the district courts had two separate pending actions before them, one seeking declaratory relief and the other seeking related coercive relief. In the exercise of discretion, the courts elected to dismiss the declaratory judgment actions in favor of the coercive relief actions. See Amari v.

---

[1]Missouri law governs the parties' rights in this action.

Radio Spirits, Inc., 219 F.Supp.2d 942, 944-45 (N.D. Ill. 2002) (dismissing declaratory judgment action where similar substantive action was removed from state court and transferred to the same district); Biosite, Inc. v. XOMA Ltd., 168 F.Supp.2d 1161, 1165 (N.D. Cal. 2001) (dismissing declaratory judgment action where similar substantive action, involving more claims, was pending in same district before same judge); Resource Asset Mgmt., Inc. v. Continental Stock Transfer & Trust Co., 896 F. Supp. 782, 785 (N.D. Ill. 1995) (dismissing declaratory judgment action where larger, more comprehensive substantive action was pending in same district).

The cases St. Johns relies upon are readily distinguishable from the instant case, because here only one cause of action is pending before the Court. As a result, different considerations exist and the cited cases are unpersuasive. St. Johns has offered no authority, much less binding authority from the Eighth Circuit, to support the proposition that a claim for declaratory relief should be dismissed merely because a counterclaim asserting coercive relief has been filed. Indeed, Rule 57 of the Federal Rules of Civil Procedure states in part, "The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate."

Based on the cases it cites, St. Johns appears to have confused the concept of parallel actions with that of parallel claims. Only the latter are present in this action. St. Johns has presented no authority to support its proposition that because it filed a substantive claim for relief, Commonwealth's declaratory judgment claim no longer serves a useful purpose. This aspect of its motion should therefore be denied.

B. Abstention is not Appropriate

In the alternative, St. Johns moves the Court to abstain from hearing Commonwealth's claims for declaratory judgment because they present the same issues as the substantive action on

4

the Policy contained in St. Johns' counterclaim, and therefore serve no useful purpose. Commonwealth responds that St. Johns misunderstands the nature of the abstention doctrine, which comes into play only when courts are faced with litigation in two different fora, as illustrated in each of the cases cited by St. Johns. Commonwealth asserts that the mere pendency of the counterclaim provides no basis for the Court to abstain from hearing its declaratory judgment claims.

The cases cited by St. Johns discuss whether a federal district court should abstain from hearing a declaratory judgment action where a related action is pending in state court. Under Brillhart v. Excess Insurance Co., 316 U.S. 491 (1942), a district court must consider the scope and nature of the pending state court proceeding to determine whether the issues in controversy between the parties to the federal action can be better settled by the state court. See Brillhart, 316 U.S. at 495; Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995). If so, the district court must dismiss or stay the federal action because "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Brillhart, 316 U.S. at 495.

In support of its motion, St. Johns cites Cincinnati Indem. Co. v. A & K Constr. Co., 542 F.3d 623, 625 (8th Cir. 2008) (federal district court should have considered whether to abstain from or dismiss declaratory judgment action where a state declaratory judgment suit involving the same parties and issues existed); Western Heritage Ins. Co. v. Sunset Security, Inc., 63 F. App'x 965, 966 (8th Cir. 2003) (per curiam) (federal court did not abuse its discretion by declining jurisdiction over insurer's declaratory judgment action where a parallel action on the insurance policy was subsequently filed in state court); Capital Indem. Corp. v. Haverfield, 218 F.3d 872, 875 (8th Cir. 2000) (district court abused its discretion by denying motion to dismiss or stay federal declaratory

5

judgment proceeding where a parallel state court action was pending that presented the same issues between the same parties, and the state court was in a better position to adjudicate the matter because of a split of authority in controlling state law).

St. Johns' reliance on these decisions is misplaced. As stated above, a situation involving parallel litigation, i.e., two lawsuits, is not equivalent to the present situation, which involves one lawsuit containing parallel claims. The factors relevant to a district court's decision whether to dismiss or stay a federal declaratory judgment action during the pendency of parallel state proceedings, as discussed in St. Johns' cited cases, are inapplicable to the situation presented by this case. Because St. Johns has not cited any authority to support its alternative motion to abstain, the motion should be denied.

C. <u>Judgment on the Pleadings is Appropriate on Request for Attorneys' Fees</u>

Finally, St. Johns moves in the alternative for judgment on the pleadings on Commonwealth's request for attorneys' fees under § 527.100, Mo. Rev. Stat., on the basis that no such award is authorized under state law because the pleadings fail to allege any basis for the request. Commonwealth responds that (1) Missouri courts have long recognized under § 527.100 that attorneys' fees may sometimes be awarded as costs if there are special circumstances; (2) the decision whether to award fees under § 527.100 is left to the trial court's broad discretion; and (3) the proper time for determining whether to award attorneys' fees to a successful litigant in a declaratory judgment action is after the substantive merits of the claims are resolved.

Generally, Missouri courts follow the "American Rule," under which each party bears the expense of its own attorneys' fees in the absence of statutory authorization or contractual agreement. <u>County Court of Washington County v. Murphy</u>, 658 S.W.2d 14, 16 (Mo. 1983) (en banc). Missouri

6

courts have held that attorneys' fees may be awarded as part of "costs" allowed under § 527.100, but this exception to the American Rule is narrow and strictly applied and such an award may occur only under "special circumstances." Washington Univ. v. Royal Crown Bottling Co., 801 S.W.2d 458, 469 (Mo. Ct. App. 1990). In a Missouri declaratory judgment action, the facts giving rise to a claim for entitlement to attorneys' fees must be specifically pleaded. Id. at 469-70.

This Court addressed a similar motion in Suburban Leisure Center, Inc. v. AMF Bowling Products, Inc., 2008 WL 695394, **1-2 (E.D. Mo. Mar. 12, 2008) (J. Stohr), and determined that the plaintiff's prayer for attorneys' fees should be dismissed where, among other things, there was no pleading of special circumstances. The Court stated:

> Missouri "follows the 'American Rule' which is that with few exceptions, absent statutory authorization or contractual agreement, each litigant must bear the expense of his own attorney's fees." Washington Univ. v. Royal Crown Bottling Co., 801 S.W.2d 458, 468 (Mo. App. 1990). Nevertheless, a trial court may award attorneys' fees under "special circumstances" or under "very unusual circumstances." See id. at 468-69. Consequently, while Missouri courts have awarded attorneys' fees in declaratory judgment actions, the relevant inquiry does not focus on interpreting the language of the Missouri Declaratory Judgment Act, but rather whether special or unusual circumstances exist in the case. See id. at 469 (noting that the Missouri Supreme Court has been "careful to limit the [declaratory judgment action exception] to one of 'special circumstances'"). Further, absent clear statutory authorization or a contractual agreement, to recover attorneys' fees, "attorney's fees should not only be specifically prayed for . . . but also the facts giving rise to such relief should be pleaded." Id. at 469-70. "Attorney's fees are special damages, which must be specifically pleaded in order to be recovered." Id. at 470 (citation omitted).
> 
> In this case, there is no evidence of a contractual agreement that contemplates an award of attorneys' fees, nor is there an explicit statutory authorization of attorneys' fees. Further, plaintiff has not pleaded the existence of special circumstances or very unusual circumstances that would give rise to an exception to the American Rule regarding attorneys' fees.

Suburban Leisure, 2008 WL 695394, at *2.

Although Commonwealth specifically requested its attorneys' fees in this matter, as in Suburban Leisure it failed to plead the existence of special circumstances that would give rise to an exception to the American Rule regarding attorneys' fees. Further, the existence of special circumstances cannot be inferred from the facts pleaded, when those facts are viewed in the light most favorable to Commonwealth. St. Johns' alternative motion for judgment on the pleadings on Commonwealth's request for attorneys' fees should therefore be granted.

Accordingly,

**IT IS HEREBY ORDERED** that St. Johns Bank & Trust Company's Motion for Judgment on the Pleadings or, in the Alternative, to Abstain from Hearing the Claim for Declaratory Judgment or, in the Alternative, to Grant Judgment on the Pleadings on Plaintiff's Request for Attorneys' Fees is **GRANTED in part** and **DENIED** in part; said motion is **GRANTED** as to Commonwealth's request for attorneys' fees and **DENIED** in all other respects. [Doc. 40]

A partial judgment will accompany this Memorandum and Order.

*/s/ Charles A. Shaw*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   22nd   day of January, 2010.